UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LOURDES DAUZ,

                         Plaintiff,

               -against-

GC SERVICES LIMITED PARTNERSHIP,

                       Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff LOURDES DAUZ ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for her Complaint against the Defendant, GC SERVICES LIMITED PARTNERSHIP (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2. Plaintiff LOURDES DAUZ is a resident of the State of New York, residing at 82 Washington Avenue, Deer Park, New York 11729.

3. Defendant GC SERVICES LIMITED PARTNERSHIP is a Texas limited partnership engaged in the business of collecting debt with an office address at 6330 Gulfton, #303, Houston, TX 77081.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Defendant began its collection efforts and campaign of communications with the Plaintiff on December 30, 2013 by placing a telephone call to telephone number 631 306 4602 and leaving a voice message.

11. Defendant's message consisted of a female voice affecting a cheerful, friendly tone and stating: "Hello, This message is for [Plaintiff]. My name is Heather

Burnett. I would appreciate you calling me back. You can reach me at 866 391 0768, extension 5070. Thank you."

**FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

12.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13.     Pursuant to 15 USC §1692d(6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

14.     In the telephone message left for Plaintiff by Defendant on December 30, 2013, Defendant's employee, "Heather Burnett" fails to provide meaningful disclosure regarding the purpose and intention of the telephone call and request for a return call, in violation of 15 USC §1692d(6).

15.     15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

16.     Defendant violated 15 USC §1692 e – preface and e (10) by maintaining a policy of instructing agents to place telephone calls to consumers and leaving enigmatic messages, exemplified by telephone message left for Plaintiff on December 30, 2013 from "Heather Burnett," in which Defendant deceptively conceals its business identity and purpose for calling with the deliberate intention to provoke the consumer into calling back to obtain further information.  In furtherance of this intent, Defendant instructs agents to adopt a casual, friendly tone and demeanor in an attempt to deceive consumers by convincing them that the message is from a personal caller.

17. 15 USC §1692e(11) requires that a debt collector provide the information that they are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose in every communication made with a consumer.

18. The Defendant violated 15 USC §1692e (11) by failing to properly provide the required disclosures identifying themselves and their purpose for calling in the message Defendant left on Plaintiff's telephone voice mail system on December 30, 2013 by Defendant's representative, "Heather Burnett."

19. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

20. The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably adopting a policy which involves instructing representatives to leave enigmatic messages for consumers which conceal Defendant's identity and purpose. Defendant's agents are further trained to assume a friendly, sociable tone of voice so as to disguise their messages as personal or casual calls in a devious practice unfairly aimed at denying consumers proper information with the intention to dupe them into contacting Defendant for the furtherance of Defendant's debt collection activities.

21. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

22. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

   A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

   B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

   C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

   D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

   E. A declaration that the Defendant's practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
    May 6, 2014

        Respectfully submitted,

        By: *M. Harvey Rephen*
        M. Harvey Rephen, (MR3384), Esq.
        M. HARVEY REPHEN & ASSOCIATES, P.C.
        708 Third Avenue, 6th Floor
        New York, New York 10017
        Phone: (212) 796-0930
        Facsimile: (212) 330 -7582
        *Attorney for the Plaintiff* LOURDES DAUZ

To: GC SERVICES LIMITED PARTNERSHIP
   6330 Gulfton, #303,
   Houston, TX 77081

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO.:


LOURDES DAUZ,

                        Plaintiff(s),

    -against-


GC SERVICES LIMITED PARTNERSHIP,

                        Defendant(s).


_____


# COMPLAINT

_____


*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330 -7582*

_____